# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY K. ANDERSON,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:15-cv-00184-JAD-CWH

**ORDER**

    Before the court is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by a Nevada prisoner (Doc. 1-1). Petitioner's application to proceed *in forma pauperis* (Doc. 1) is granted. The petition shall be docketed and served.

    Also before the court is petitioner's motion for the appointment of counsel (Doc. 2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues do not appear to be particularly complex; therefore, counsel is not justified. Petitioner's motion is denied.

    **IT THEREFORE IS ORDERED** that petitioner's application to proceed *in forma pauperis* **(Doc. 1) is GRANTED**.

1    **IT FURTHER IS ORDERED** that **the Clerk shall FILE and ELECTRONICALLY
2    SERVE the petition (Doc. 1-1) on respondents.**

3    **IT FURTHER IS ORDERED** that respondents shall file a response to the petition,
4    including potentially by motion to dismiss, within **90 days** of service of the petition, with any
5    requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule
6    under the local rules.

7    **IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this
8    case shall be raised together in a single consolidated motion to dismiss.  In other words, the court
9    does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple
10   successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such
11   motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this
12   case that consolidates their procedural defenses, if any, with their response on the merits, except as
13   to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted
14   claims: (a) they shall do so within the single motion to dismiss **not** in the answer.  In short, no
15   procedural defenses, including exhaustion, shall be included with the merits in an answer.  All
16   procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

17   **IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall
18   specifically cite to and address the applicable state court written decision and state court record
19   materials, if any, regarding each claim within the response as to that claim.

20   **IT FURTHER IS ORDERED** that petitioner shall have **30 days** from service of the
21   answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for
22   relief by respondents by motion otherwise being subject to the normal briefing schedule under the
23   local rules.

24   **IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by
25   either petitioner or respondents shall be filed with a separate index of exhibits identifying the
26   exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the
27   number or numbers of the exhibits in the attachment**.**  The hard copy of any additional state court
28   record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT FURTHER IS ORDERED** that petitioner's motion for appointment of counsel **(Doc. 2)** **is DENIED**.

Dated: April 22, 2015

_____
Jennifer Dorsey
United States District Judge