# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY K. ANDERSON,<br><br>    Petitioner,<br><br>vs.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>    Respondents. | Case No. 2:15-cv-00184-JAD-CWH<br><br>**Order Dismissing Action, Closing Case, and Denying All Remaining Motions** |

*Pro se* petitioner Anthony Anderson brings this petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondents move to dismiss Anderson's petition as premature, unexhausted, and time-barred, and because it is based on state-law issues that cannot be remedied through a federal habeas proceeding.[2] Petitioner Anderson has opposed the motion.[3] Because petitioner's appeal remains pending before the Nevada Court of Appeals, the grounds for this petition are yet unexhausted, so I dismiss this petition as premature and close this case. If petitioner ultimately exhausts his state-court remedies and desires to refile this petition, it must be filed as a new case.

**Relevant Procedural History and Background**

On May 23, 2011, Anderson pled guilty to two counts of child abuse and neglect with substantial bodily harm.[4] On October 13, 2011, he filed a motion to withdraw his guilty plea.[5] The state district court held several hearings and entered its orders denying the motion on February 29,

---

[1] Doc. 6.

[2] ECF 17.

[3] ECF 22.

[4] ECF 17, exhs. 6, 8. All exhibits referenced in this order are exhibits to the motion to dismiss, ECF 17, and are found at Docs. 18-21.

[5] Exh. 9.

2012, and March 7, 2012.[6]  On February 29, 2012, the state district court sentenced Anderson to two consecutive terms of 36 to 144 months, and entered the judgment of conviction on March 14, 2012.[7]

On July 19, 2012, Anderson filed a state postconviction habeas corpus petition and filed a supplement on August 27, 2012.[8]  On September 18, 2013, the Nevada Supreme Court affirmed the state district court's dismissal of the petition in part and reversed in part.[9]  The Nevada Supreme Court remanded for the district court to hold an evidentiary hearing on whether petitioner was denied a direct appeal.[10]  After an evidentiary hearing, on March 4, 2014, the state district court issued its order finding that Anderson's counsel was deficient for failing to file a notice of appeal and that petitioner was entitled to the remedy set forth in Rule 4(c) of the Nevada Rules of Appellate Procedure,[11] which prescribes when an untimely direct appeal from a judgment of conviction and sentence may be filed.

Anderson filed a notice of direct appeal with the Nevada Supreme Court on March 27, 2014.[12]  Petitioner's counseled opening brief was filed in that action on May 4, 2015.[13]  Respondents filed their answering brief on July 6, 2015.[14]  On September 14, 2015, the appeal was transferred to the Nevada Court of Appeals for disposition.[15]  No decision has issued yet.

---

[6] Exhs. 16, 17.

[7] Exhs. 18, 19.

[8] Exhs. 33, 34.

[9] Exh. 39.

[10] *Id.*

[11] Exhs. 41, 42.

[12] Exh. 43; Nevada Supreme Court Case No. 65290.

[13] Exh. 44; Case No. 65290.

[14] Exh. 45; Case No. 65290.

[15] Case No. 65290.

Meanwhile, Anderson dispatched his federal petition for filing on or about January 12, 2015.[16] Respondents move to dismiss because petitioner's direct appeal is still pending before the Nevada Court of Appeals.[17]

## Discussion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.[18] A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.[19] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[20]

Even if claims in a federal petition are exhausted, when a petitioner awaits a decision on an appeal of a state criminal conviction "a would-be habeas petitioner must await the outcome of his appeal before his state remedies are exhausted."[21] As the Ninth Circuit reaffirmed when it dismissed a federal petition in *Sherwood v. Tomkins*, regardless of whether the federal question raised in the federal habeas petition can be resolved in the pending state appeal, the appeal may result in the reversal of petitioner's conviction on some other ground, mooting the federal question.[22]

---

[16] ECF 6.

[17] ECF 17.

[18] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[19] *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); see also *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[20] See *Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

[21] *Sherwood v. Tomkins*, 716 F.3d 632, 634 (9th Cir. 1983).

[22] *Id.; see also Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969).

1    Here, Anderson alleges that his sentence has been improperly calculated, including that he
2 has been denied work and good-time credits and credit for time spent in home confinement, in
3 violation of his Fourteenth Amendment due process rights.[23]  He also claims that the parole board
4 improperly relied on a twenty-year-old conviction for auto theft, which he alleges violates double
5 jeopardy.[24]  Further, he alleges that the parole board discussed a sexual assessment that never took
6 place and relied on a presentencing investigation report that was three-to-five years old.[25]

7    Respondents are correct that this petition should be dismissed because petitioner's direct
8 appeal is pending in state court.  Anderson has appealed the denial of the motion to withdraw his
9 guilty plea based on actual innocence.[26]  If he succeeds,  Anderson's federal claims would be moot.
10 Thus, Anderson's petition is premature and must be dismissed for failure to exhaust state remedies.

### Conclusion

IT IS THEREFORE ORDERED that the respondents' motion to dismiss **[ECF 17] is GRANTED**.  This case is **DISMISSED** without prejudice because petitioner's state-court appeal has not been exhausted.

IT IS FURTHER ORDERED that respondents' motion to extend time to respond to the petition **[ECF 13] is GRANTED** *nunc pro tunc*.

IT IS FURTHER ORDERED that **all pending motions** filed by petitioner: motion for complete copy of petitioner's state-court files **[ECF 8]**; motion to extend prison copywork limit **[ECF 9]**; motion for discovery **[ECF 14]**; second motion for appointment of counsel **[ECF 23]**; motion for evidence hearing **[ECF 24]**; and motion for evidentiary hearing **[ECF 28]** are all

. . .

---

[23] ECF 7 at 2–3, 12–17.

[24] *Id.* at 8.

[25] *Id.* at 17–21.

[26] *See* Nevada Supreme Court Case No. 65290.

-4-

**DENIED** as moot because this case has been dismissed.  **The Clerk of Court is directed to enter judgment accordingly and close this case.**

Dated this 26th day of October, 2015

_____
Jennifer Dorsey
United States District Judge